UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JERRY TOTH, on behalf of T.T.,

                              Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                              Defendant.
-------------------------------------------------------------------X

**ORDER**
18-CV-04180 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

       Plaintiff Jerry Toth, on behalf of his minor child T.T. (the "Student"), brings this action seeking a pendency order under the Individuals with Disabilities Education Act, 20 U.S.C.A. § 1415(j) ("IDEA"), obligating Defendant New York City Board of Education ("DOE") to maintain the Student's current educational placement during the pendency of an underlying administrative action.

       The IDEA's pendency provision states that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in [his] then-current educational placement." 20 U.S.C. § 1415(j). When such a claim is brought, "[p]endency has the effect of an automatic injunction, which is imposed without regard to such factors as irreparable harm, likelihood of success on the merits, and a balancing of the hardships." *Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 696 (S.D.N.Y. 2006). The Second Circuit has explained that the pendency provision "reflects Congress's decision that all disabled children should keep their existing educational program until any dispute over their placement is resolved. *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 170 (2d Cir. 2014) (citing *Mackey ex rel. Thomas M. v. Bd. of*

*Educ.,* 386 F.3d 158, 160–61 (2d Cir. 2004).  To that end, the Court's inquiry is limited to "identifying the student's then-current educational placement." *Arlington Cent. Sch. Dist.,* 421 F. Supp. 2d at 696 (citing *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982)).  A student's then-current educational placement has been understood to mean:  "(1) typically the placement described in the child's most recently implemented IEP [Individualized Education Program]; (2) the operative placement actually functioning at the time…when the stay put provision of the IDEA was invoked; and (3) the placement at the time of the previously implemented IEP." *Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.*, 386 F.3d 158, 163 (2d Cir.), *supplemented sub nom. Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89 (2d Cir. 2004) (internal quotations, citations, and alterations omitted).

The parties here dispute what constitutes the Student's "then-current educational placement."  Plaintiff contends that the Court should look to the Student's operative placement actually functioning at the time of his administrative appeal, as embodied in a February 9, 2018 Stipulation of Settlement ("Stipulation").  (Mem. of Law. in Supp. of Order to Show Cause ("Pl.'s Mot.") at 1, ECF No. 1-2.)  Defendant argues, however, that pursuant to the terms of the Stipulation, the educational placement outlined therein cannot constitute the Student's then-current educational placement for purposes of pendency. (Decl. of Agnetha E. Jacob in Opp. to Order to Show Cause ("Def.'s Decl.") ¶ 40, ECF No. 13.)  Instead, Defendant urges the Court to rely on the parties' June 27, 2017 pendency order, which Defendant contends was the "last agreed upon placement for the Student" because the order was not appealed.  (*Id*. ¶ 32.)  The Court notes that the Stipulation provides that it does not "authorize [the services provided herein] to be the 'then current educational placement' or alter the Student's rights to pendency as otherwise exists under applicable statutes, regulations or case law."  (Ex. D, Stip. of Settl. ¶ 8

ECF No. 13-4.) However, the Stipulation nevertheless embodies the "operative placement actually functioning at the time," which, as stated by this Circuit, can constitute a student's then-current educational placement. *Mackey,* 386 F.3d at 163. Defendant's position, that the June 27, 2017 pendency constitutes the Student's then-current placement, relies on a narrow definition of the term stated in *Student X*. *Student X v. New York City Dep't of Educ.*, No. 07-CV-2316, 2008 WL 4890440 (E.D.N.Y. Oct. 30, 2008) (stating that then-current placement, in most cases, will be the last unchallenged IEP) (Def.'s Decl. ¶ 29.) However, the Court finds that the more expansive definition of then-current educational placement articulated by this Circuit in *Mackey* is more consistent with policy principles underlying the IDEA's pendency provision—that is, to ensure stability and consistently in the Student's education during the pendency of proceedings. *Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.*, 368 F. Supp. 2d 313, 324 (S.D.N.Y. 2005) (noting that "[t]he purpose of the pendency provision is to provide stability and consistency in the education of a student with a disability" in holding that a settlement agreement superseded the last operative IEP.) (citing *Honig v. Doe*, 484 U.S. 305, 108 S. Ct. 592, 98 L.Ed.2d 686 (1988). As such, Plaintiff's request for a pendency order obligating Defendant to maintain the Student's educational placement as outlined in the Stipulation is GRANTED.

SO ORDERED:

Dated: Brooklyn, New York
     August 27, 2018

/s/LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge
Eastern District of New York